IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re: OYO Fitness, LLC,

    Debtor.

Case No. 24-20781-11

_____

**United States Trustee's Objection to Debtor's Application to Employ a Chief Operations Officer**
_____

Under 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, the United States Trustee objects to the debtor's application to employ Ben Tensing as "Chief Operations Officer"[1] because he is not disinterested and there is insufficient disclosure.

## Background

In 2022, Debtor OYO Fitness, Inc.,[2] which used to manufacture and sell exercise equipment and branded clothing before the majority owner's death that year, filed a chapter 7 bankruptcy.[3] That case was

---

[1] Doc. #19.

[2] Debtor filed as an Inc. (doc. #1), then amended its petition to be an LLC (doc. #15), then amended its petition again but still as an LLC (doc. #43). According to the Kansas Secretary of State, OYO Fitness, LLC converted to OYO Fitness, Inc. (a Delaware for-profit corporation) on December 29, 2021.

[3] Case No. 22-21144.

1

later dismissed because the chapter 7 trustee had nothing to sell as all property is fully encumbered.[4]

On June 21, 2024, OYO Fitness filed its bankruptcy petition under chapter 11.[5] OYO Fitness appears to have three groups of inventory and equipment: 1) items in Taiwan that it does not believe it can recover or know if they even exist anymore; 2) items at Amazon that are worth less than the debt to Amazon; and 3) items at Smart Warehouse that may be subject to liens from nine secured creditors—plus a warehouseman's lien from Smart Warehouse.

OYO Fitness now seeks to employ Ben Tensing as a chief operations officer. In that application, OYO Fitness notes that Tension "has been an interim chief executive officer and business consultant since 2019." And during the § 341 meeting of creditors, Tensing testified that he has been COO since April 2023 and has been the one doing the work to try to liquidate and deal with creditors. Yet in his affidavit, Tensing says that he has "no connection with the Debtor," and his

---

[4] Doc. #23 at 2 ¶6.

[5] Doc. #1.

resume attached to the application lists his current profession as a licensed realtor in Minnesota since 2014.

The debtor does not allege in the application that Tensing is disinterested.

During the § 341 meeting, Tensing testified that he hasn't been paid anything for his past work, but also that he's not owed anything. In its statement of financial affairs, OYO Fitness did not list any payments to insiders.

## Argument

To be retained for the bankruptcy estate, a professional must be disinterested and must not hold or represent an interest adverse to the estate.[6] The party seeking employment bears the burden of establishing that it satisfies both of these prongs.[7]

Under the Bankruptcy Code, the term "disinterested person" excludes anyone who is or was in the last two years a director, officer, or

---

[6] 11 U.S.C. § 327(a).

[7] *Interwest Bus. Equip. v. United States Trustee (In re Interwest Bus. Equip.)*, 23 F.3d 311, 318 (10th Cir. 1994).

employee of the debtor.[8] It also excludes an insider.[9] When the debtor is a corporation, as in this case, insider includes any director, officer, or person in control of the debtor.[10] Thus, a current or former officer, director, employee, or person in control of the debtor is not disinterested under the Code.

Here, the application to employ should be denied because the applicant does not meet the Bankruptcy Code's disinterested standard. Notably, nowhere in its motion does debtor allege that Tensing meets that standard. And it appears for good reason. Tensing has been working for the debtor since 2019 and managing the debtor for the last 16 months. He is not a disinterested person.

Even if Tensing were not eligible because he is not disinterested, his disclosure of connections is insufficient. Under Rule 2014(a), a professional seeking employment under 11 U.S.C. § 327 must file a verified statement of—among other things—the name of the person to be employed and "all of the person's connections with the debtor,

---

[8] *Id.* at § 101(14).
[9] *Id.*
[10] *Id.* at § 101(31).

4

creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." The duty of disclosure is sacrosanct because complete and candid disclosure is indispensable to the court's discharge of its duty to assure a professional's eligibility for employment—or, in the language of Rule 2014(a), whether the employment is necessary.

Without exception, the rule requires complete disclosure of all connections, not merely those rising to the level of a conflict of interest.[11] The professional may not leave the court or other parties in interest to search the record for such relationships or otherwise ferret them out.[12] Nor may the professional disclose only those connections that it subjectively believes are relevant.[13] In determining whether an

---

[11] *In re Keller Fin. Servs. of Florida, Inc.*, 248 B.R. 859, 897 (Bankr. M.D. Fla. 2000); *In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998).

[12] *In re BH&P, Inc.*, 949 F.2d 1300, 1317–18 (3d Cir. 1991). *See also In re Matco Elecs. Group, Inc.*, 383 B.R. 848, 853–54 (Bankr. N.D.N.Y. 2008) (stating that Rule 2014 "is not intended to condone a game of cat and mouse, where the professional seeking appointment provides only enough disclosure to whet the appetite of the UST, the court or other parties in interest, and then the burden shifts to those entities to make inquiry in an effort to expand the disclosure"); *In re Granite Partners, L.P.*, 219 B.R. at 35 (stating that a court should not have to "rummage through files or conduct independent fact finding investigations" to determine whether a professional should be disqualified).

[13] *In re Matco Elecs. Group, Inc.*, 383 B.R. 848 at 853.

applicant has complied with the rule, it is the degree of completeness of the disclosure, rather than the applicant's subjective intent or state of mind, that is material.[14] Failure to be meticulous in disclosing all connections with the debtor and other parties justifies a court in taking significant punitive or corrective action, even if there was no prejudice in the end.[15] And the duty to disclose continues throughout the case, requiring "spontaneous, timely, and complete disclosure."[16]

Here, the employment application and declaration fall short of the standard of complete, candid disclosure. In his affidavit, Tensing says that he, his firm, and his affiliates have no connection with the Debtor, among other parties. That is flatly contradicted by the § 341 testimony that Tensing has been the COO of the debtor since April 2023 and the statements in the application that he has worked with debtor since 2019. It is unclear if there are other non-declared connections.

---

[14] *In re Begun*, 162 B.R. 168, 177 (Bankr. N.D. Ill. 1993).

[15] *In re Byington*, 454 B.R. 648, 657 (Bankr. W.D. Va. 2011). *See also* 9 *Collier on Bankruptcy* ¶ 2014.03 (16th ed. 2020) ("[A] failure to disclose any fact that may influence the court's decision may result in a later determination that disclosure was inadequate and that sanctions should be imposed on the professional.") (citing *In re Leslie Fay Cos.,*, 175 B.R. 525 (Bankr. S.D.N.Y. 1994); *In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228 (Bankr. E.D. Cal. 1988); *In re D.L. Enters.*, 89 B.R. 107 (Bankr. C.D. Cal. 1988)).

[16] *In re The Harris Agency*, 462 B.R. 514, 524 (E.D. Pa. 2011 (citation omitted).

Under Rule 2014(a), it is not up to the United States Trustee to ferret out that information; it is the duty of the debtor and its attorneys to be transparent upfront. Compliance with the rule demands more than leaving it up to the Court or another party to find that information elsewhere. This silence on matters specifically required by Rule 2014 does not comport with the letter or the spirit of the rule, and here serves to mask that Tensing is not disinterested. Without this information, the Court cannot "evaluate fully whether the professional is actually disinterested."[17]

## Conclusion

The burden of proving the facts necessary to support the employment application falls on the debtor. Here, there are few details, but what is known shows that Tensing is not disinterested. Therefore, the application should be denied.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: s/Richard A. Kear
Richard A. Kear, #20724

---

[17] *Jensen v. United States Trustee* (*In re Smitty's Truck Stop, Inc.*), 210 B.R. 844, 850 (10th Cir. BAP 1997).

Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
202-573-6945 (phone)
Richard.Kear@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 26, 2024, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: s/Richard A. Kear