# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: OYO Fitness, LLC,

  Debtor.

Case No. 24-20781-11

___

**United States Trustee's Objection to Debtor's Motion to Sell**
___

The United States Trustee objects to the motion to sell[1] because the debtor does not provide enough information to pass the business-judgment test, and the debtor does not satisfy § 363(f).

## Background

In 2022, Debtor OYO Fitness, Inc.,[2] which used to manufacture and sell exercise equipment and branded clothing before the majority owner's death that year, filed a chapter 7 bankruptcy.[3] That case was later dismissed because the chapter 7 trustee had nothing to sell as all property is fully encumbered.[4] OYO is no longer operating.

---

[1] Doc. #23.

[2] Debtor filed as an Inc. (doc. #1), then amended its petition to be an LLC (doc. #15), then amended its petition again but still as an LLC (doc. #43). According to the Kansas Secretary of State, OYO Fitness, LLC converted to OYO Fitness, Inc. (a Delaware for-profit corporation) on December 29, 2021.

[3] Case No. 22-21144.

[4] Doc. #23 at 2 ¶6.

On June 21, 2024, OYO Fitness filed its bankruptcy petition under chapter 11.[5] OYO Fitness appears to have three groups of inventory and equipment: 1) items in Taiwan that it does not believe it can recover or know if they even exist anymore; 2) items at Amazon that are worth less than the debt to Amazon; and 3) items at Smart Warehouse that may be subject to liens from nine secured creditors—plus a warehouseman's lien from Smart Warehouse.

OYO Fitness filed a motion to sell the portion of the inventory that is with Smart Warehouse. It's not a public auction or a private sale. Rather, it appears the liquidator would market the property and attempt to find buyers for it while the property stays at Smart Warehouse.

According to the debtor, the full retail price of this group of inventory is more than $1.4 million.[6] The liquidator believes it will be sold for approximately 15% of that,[7] which would be $210,000. The liquidator would receive 20%,[8] so the debtor hopes to receive as much as

---

[5] Doc. #1.

[6] Doc. #23-1.

[7] Doc. #23 at 2.

[8] *Id*.

$168,000 from the sale before payment of Smart Warehouse and the secured creditors.

The debtor does not provide amounts for the secured creditors in the motion, but the schedules indicate $472,733 is owed to the nine creditors with security interests in the inventory that would be marketed for sale.[9] In addition, Smart Warehouse says it is owed $55,894.39 as of July 9, with additional costs accruing at about $3,000 per month.

## Argument

The Bankruptcy Code allows a debtor-in-possession to sell property of the estate outside of the ordinary course of business after notice and a hearing.[10] Generally, courts will apply the business-judgment test when evaluating whether to approve such a sale.[11] "Under this standard, the Trustee seeking approval of the sale must show sound

---

[9] Doc. #1 at 14-17 and doc. #23 at 3.

[10] *See* 11 U.S.C. § 363(b)(1); *In re Premier Concrete, LLC*, 2010 WL 1780046, at *7 (Bankr. D.N.M. May 3, 2010).

[11] *See, e.g., In re 1 Big Red, LLC*, Case No. 21-20044, 2022 Bankr. LEXIS 1356 *18 (Bankr. D. Kan. Mar. 23, 2022); *In re Donahue*, 410 B.R. 311, 315 (Bankr. D. Kan. 2009); *In re General Motors Corp.*, 407 B.R. 463, 493-94 (Bankr. S.D.N.Y. 2009); *In re Derivium Capital, LLC*, 380 B.R. 392, 404 (Bankr. D.S.C. 2007).

business reasons for the sale."[12] The factors usually looked at for the business-judgment test are whether the party seeking the sale "followed adequate procedures, including proper exposure to the market and accurate and reasonable notice to all parties in interest"; whether the "price is fair and the negotiations or bidding occurred at arm's length"; and whether there is any "improper or bad motive."[13]

Here, the proposed sale fails that test based on the information provided in the motion. OYO Fitness does not provide any evidence or even allegation that the assets were exposed to the market in any way. And it is unclear how long the process would go on.

In addition to the business-judgment test, there are additional requirements when the debtor seeks to sell secured property free and clear of third-party liens. In that case, a sale can be approved only if:

> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in

---

[12] *In re 1 Big Red, LLC*, 2022 Bankr. LEXIS 1356 at *18.

[13] *Id.*; *see also In re Premier Concrete, LLC*, 2010 WL 1780046 at *7 (sale not approved when debtor did not adequately expose the assets to the marketplace; debtor did not exercise reasonable business judgment in accepting purchase offer), *citing In re Castre*, 312 B.R. 426, 428 (Bankr. D. Colo. 2004) and *In re Medical Software Solutions,* 286 B.R. 431, 440-441 (Bankr. D. Utah 2002).

bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.[14]

In its motion, OYO Fitness does not identify any prong it satisfies. It does not have the consent of any secured creditors but is hoping they simply don't object or appear so the money can go toward administrative costs. There is no bona-fide dispute. And the proposed sale price is a small fraction of the liens on the property.

In addition, in a sale of secured property, the secured lender can credit bid "unless the court for cause orders otherwise."[15] The proposed sale process would strip secured lenders of their right to credit bid without even addressing cause.

## Conclusion

OYO Fitness fails to meet its burden to demonstrate sound business reasons for the sale and fails to satisfy § 363(f). For these reasons, the motion to sell should be denied.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

---

[14] 11 U.S.C. § 363(f).

[15] 11 U.S.C. § 363(k).

By: s/Richard A. Kear
Richard A. Kear, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
202-573-6945 (phone)
Richard.Kear@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 26, 2024, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: s/Richard A. Kear

6

Case 24-20781    Doc# 48    Filed 07/26/24    Page 6 of 6