# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: OYO Fitness, LLC,

Debtor.

Case No. 24-20781-11

**United States Trustee's Motion to Dismiss or Convert**

Under 11 U.S.C. § 1112(b), the United States Trustee moves the Court to dismiss or convert this chapter 11 case for cause. The Court faces this issue:

> Cause for dismissal or conversion includes failure to insure assets, substantial loss to or diminution of the estate with no reasonable likelihood of rehabilitation, and lack of good faith. Here, the debtor meets all those situations. Does cause exist?

The answer is yes. OYO Fitness has ceased operations, has no income, has increasing administrative costs, and has few assets—none with equity. It also has an insufficient amount of insurance. The point of the case is to sell fully-encumbered assets and hope the secured creditors do not object so the debtor can use that money to pay administrative expenses of the bankruptcy estate. Cause exists, and dismissal would best serve the interests of creditors and the estate.

## Background

In 2022, Debtor OYO Fitness, Inc.,[1] which used to manufacture and sell exercise equipment and branded clothing before the majority owner's death that year, filed a chapter 7 bankruptcy.[2] That case was later dismissed because the chapter 7 trustee had nothing to sell as all property is fully encumbered.[3] OYO is no longer operating.

On June 21, 2024, OYO Fitness filed its bankruptcy petition under chapter 11.[4] OYO Fitness appears to have three groups of inventory and equipment: 1) items in Taiwan that it does not believe it can recover or know if they even exist anymore; 2) items at Amazon that are worth less than the debt to Amazon; and 3) items at Smart Warehouse that may be subject to liens from nine secured creditors—plus a warehouseman's lien from Smart Warehouse. At the § 341 meeting, OYO Fitness's representative testified that it is considering whether it should abandon the inventory in Taiwan and with Amazon. OYO

---

[1] Debtor filed as an Inc. (doc. #1), then amended its petition to be an LLC (doc. #15), then amended its petition again but still as an LLC (doc. #43). According to the Kansas Secretary of State, OYO Fitness, LLC converted to OYO Fitness, Inc. (a Delaware for-profit corporation) on December 29, 2021.

[2] Case No. 22-21144.

[3] Doc. #23 at 2 ¶6.

[4] Doc. #1.

Fitness has a pending motion to sell the inventory stored at Smart Warehouse.

According to the debtor, the liquidator believes the property at Smart Warehouse will be sold for approximately 15% of retail value,[5] which would be around $210,000. The liquidator would receive 20%,[6] so the debtor hopes to receive as much as $168,000 from the sale before payment of Smart Warehouse and the secured creditors. The debtor scheduled secured debt of $472,733 to the nine creditors with security interests in the inventory that would be marketed for sale.[7] In addition, Smart Warehouse says it is owed $55,894.39 as of July 9, with additional costs accruing at about $3,000 per month.

OYO Fitness has no income and no equity in its few remaining assets. It is dependent on proceeds of sales—of encumbered property—to pay post-petition rent to Smart Warehouse, attorney fees, subchapter V trustee fees, and any other administrative expenses. OYO Fitness has also filed an application to employ a Chief Operations Officer.

---

[5] Doc. #23 at 2.

[6] *Id.*

[7] Doc. #1 at 14-17 and doc. #23 at 3.

Pre-petition, none of OYO Fitness's assets were insured. Around the time it filed bankruptcy, OYO Fitness's principal obtained an insurance policy through Redeyes LLC—a company she owns with her husband—that names OYO Fitness as an "additional interest." That policy is limited to the inventory stored at Smart Warehouse and is for $100,000. When asked at the § 341 meeting why the policy was limited to $100,000, its principal said they thought that would be enough.

## Argument

### I. This case should be dismissed or converted for cause.

Section 1112 of the Bankruptcy Code governs the conversion or dismissal of a chapter 11 case, and "is intended to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation."[8] It requires a court, upon a finding of cause, to convert a chapter 11 case to chapter 7 or dismiss the case.[9]

---

[8] *Lynch v. Bernard*, 590 B.R. 30, 35 (E.D.N.Y. 2018) (citing *In re Lizeric Realty Corp.*, 188 B.R. 499, 503 (S.D.N.Y. 1995)).

[9] 11 U.S.C. § 1112(b)(1).

The Code lists several grounds for cause,[10] but those are illustrative rather than exhaustive.[11] A court may consider other grounds as they arise and may use its equitable powers to reach an appropriate result.[12] Indeed, while "cause" is not specifically defined anywhere in the Bankruptcy Code, courts have interpreted it flexibly to include "any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy process."[13] Causes exists in this case for at least three separate and independent reasons, each of which is sufficient grounds for dismissal.

A. **Cause exists for lack of insurance.**

As a fiduciary, a chapter 11 debtor must protect and conserve property in its possession.[14] The reason is simple: to avoid deepening insolvency.[15] And under § 1112(b)(4)(C), cause for dismissal or

---

[10] *Id.* § 1112(b)(4).

[11] *In re AdBrite Corp.*, 290 B.R. 209, 217 (Bankr. S.D.N.Y. 2003).

[12] *In re Neighbors*, No. 11-21003, 2015 Bankr. LEXIS 4308, at *21 (Bankr. D. Kan. Dec. 21, 2015).

[13] *In re Morris*, 155 B.R. 422, 426 (Bankr. W.D. Tex. 1993) (citing *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986).

[14] *In re Sal Caruso Cheese, Inc.*, 107 B.R. 808, 817 (Bankr. N.D.N.Y. 1989).

[15] 5 *Norton Bankr. L. & Prac.* § 103:9 (3d ed. 2020).

conversion exists if the debtor fails to maintain insurance appropriate to cover risks to the estate and to the public.[16]

Here, there is risk to the estate as few of the company's assets are protected—and the one group that is insured is for less even than the debtor says it expects to net from a sale. And Smart Warehouse has alleged there is risk from the items stored in its facility. These conditions lay plain the risks to the estate and to the public. Accordingly, cause exists under § 1112(b)(4)(C).

**B. Cause exists for continuing loss and diminution.**

Under § 1112(b)(4)(A), a court must convert or dismiss a case when there is continuing loss to or diminution of the estate and an absence of a reasonable likelihood of rehabilitation. The two components that courts test are (1) whether, after the commencement of the case, the debtor continues to experience a negative cash flow or declining asset values; and (2) whether there is any reasonable likelihood that the debtor or some other party will be able to stem the debtor's losses and

---

[16] 7 *Collier on Bankr.* ¶ 1112.04[6][c] (16th ed. 2020).

place the enterprise back on a solid financial footing within a reasonable amount of time.[17]

Here, that test does not balance in OYO Fitness's favor. OYO Fitness shut down and is no longer a viable business. It has virtually no unencumbered assets. It hasn't paid any post-petition rent to Smart Warehouse or expenses and can only do so if it sells assets that are fully encumbered and the secured creditors do not object to the proceeds being paid to someone else. And OYO Fitness appears to be in the same situation for all other administrative expenses, such as professional fees to its counsel, professional fees to the subchapter V trustee, and fees to anyone else retained.

There is no magic amount on losses. "The losses to the estate need not be large—all that need be found is that the estate is suffering some diminution in value. Critically, courts have held that post-petition negative cash flow and an inability to pay current expenses evidence the continuing losses required under § 1112(b)(4)(A)."[18]

---

[17] *In re Western States, Inc.*, No. 17-20041, 2018 Bankr. LEXIS 247, at *13 (Bankr. D. Wyo. Jan. 30, 2018) (citations omitted).

[18] *In re Sakon*, 617 B.R. 7, 15 (Bankr. D. Conn. 2020).

Courts in this District have previously granted motions to dismiss or convert in analogous situations in chapter 11. Dismissal has been granted when a hotel was operating at a loss with no evidence that it could be rehabilitated.[19] Others have dismissed or converted cases under § 1112(b)(4)(A) when the debtor had insufficient income or assets.[20] As Judge Somers noted in *Bentley*, because the statute uses the word "rehabilitation" rather than "reorganization," it "has been interpreted to require something more than a liquidating plan,"[21] pointing to a Collier's section that says "Rehabilitation is not another word for reorganization. Rehabilitation means to reestablish a business. Whereas confirmation of a plan could include a liquidation plan, rehabilitation does not include liquidation."[22]

OYO Fitness is not operating and has no plan to rehabilitate. Even winding up is no longer reasonable as administrative expenses are

---

[19] *In re Lenexa Hotel, L.P.*, No. 16-22172, 2018 Bankr. LEXIS 515 (Bankr. D. Kan. Feb. 26, 2018).

[20] *See In re Neighbors*, No. 16-2003-JAR, 2016 US Dist. LEXIS 58317 (D. Kan. April 29, 2016); *In re Bentley*, No. 09-23107, 2012 Bankr. LEXIS 5969 (Bankr. D. Kan. Dec. 26, 2012); *In re Gateway Ethanol, LLC*, No. 08-22579, 2011 Bankr. LEXIS 652 (Bankr. D. Kan. Feb. 11, 2011).

[21] *In re Bentley*, No. 09-23107, 2012 Bankr. LEXIS 5969 *12 (Bankr. D. Kan. Dec. 26, 2012).

[22] 7 *Collier on Bankruptcy P* ¶ 1112.04 (16th 2023).

growing while it becomes clear that OYO Fitness's few assets are pledged to secured lenders—up to 10 of them. Under § 1112(b)(4)(A), cause for dismissal exists.

## C. Cause exists for lack of good faith.

Although good faith is not specifically listed in § 1112(b), it is well established in virtually every circuit that a chapter 11 petition must be filed in good faith and can be dismissed if it is not.[23] This is grounded in the equitable nature of bankruptcy and the purposes underlying Chapter 11.[24] The moving party must make a prima facie showing of the debtor's lack of good faith, then the burden shifts to the debtor.[25]

In *LTL*, the Third Circuit found two particularly relevant inquiries: "whether the petition serves a valid bankruptcy purpose" and "whether it is filed merely to obtain a tactical litigation advantage."[26] "Valid

---

[23] *Muth v. Muth (In re Muth)*, 2014 Bankr. LEXIS 1963 (BAP 10th Cir. 2014).

[24] *LTL Mgmt., LLC v. Those Parties Listed on Appendix A to Complaint (In re LTL Mgmt., LLC)*, 58 F. 4th 738, 753 (3d Cir. 2023).

[25] *In re Reg'l Evangelical All. of Churches, Inc.*, 592 B.R. 375, 384 (Bankr. D. Kan. 2018).

[26] *LTL Mgmt., LLC*, 58 F. 4th at 754 (cleaned up).

bankruptcy purposes include preserving a going concern or maximizing the value of the debtor's estate."[27]

Here, the debtor is not trying to preserve a going concern or maximize the value of the debtor's estate. It is already shut down and it filed bankruptcy to sell a limited amount of fully-liened property to pay administrative expenses of the bankruptcy. Any increase in the liquidation value of remaining assets by sale in bankruptcy appear to be eclipsed by new expenses that are piling up.

In *Reg'l Evangelical*, the debtor had no employees, was not conducting business, had not utilized its property for over two years, and had few expenditures and few creditors. The court there concluded it was "not a candidate for rehabilitation under Chapter 11" and dismissed for lack of good faith.[28] In *Auld*, the court found a lack of good faith when the debtor filed a chapter 11 bankruptcy to avoid the conclusion of property litigation rather than to reorganize.[29] In *Muth*, the Tenth Circuit BAP upheld the bankruptcy court's finding of a lack

---

[27] *Id*. (cleaned up).

[28] *In re Reg'l Evangelical All. of Churches, Inc.*, 592 B.R. at 388.

[29] *In re Auld*, No. 14-20424, 2014 Bankr. LEXIS 2568 (Bankr. D. Kan. June 11, 2014).

of good faith when the debtor filed bankruptcy to avoid a garnishment hearing in ongoing litigation.[30] Like those cases, this case should be dismissed for lack of good faith.

### D. Cause is established, but debtor has no rebuttal.

The Code includes a statutory mechanism to rebut a finding of cause. Once cause has been established, the burden shifts to the debtor, who must identify unusual circumstances showing conversion or dismissal is not in the best interests of creditors and the estate, and establish that:

(A) there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time, and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation—

  (i) for which there exists a reasonable justification for the act or omission; and

  (ii) that will be cured within a reasonable period of time fixed by the court.[31]

In this case, OYO Fitness cannot show that there is a reasonable likelihood that a plan will be confirmed within a reasonable time or that

---

[30] *Muth v. Muth (In re Muth)*, 2014 Bankr. LEXIS 1963.
[31] 11 U.S.C. § 1112(b)(2).

there is a reasonable justification for any of the issues that will be cured within a reasonable period of time. And any such justification does not even apply to continuing loss to the estate. Cause exists, and OYO Fitness cannot show anything to support a rebuttal.

### E. Dismissal is the appropriate remedy.

If the Court finds cause exists, then next it must determine whether the case should be converted to chapter 7 or dismissed, whatever is in the best interests of creditors and the estate. The Code does not define "best interests" in this context, but the standard implies balancing interests in a case-by-case analysis.[32] Ultimately, it is a matter for sound judicial discretion.[33]

Dismissal is the most appropriate option here. OYO Fitness's few remaining assets are heavily mortgaged. Conversion would likely saddle a chapter 7 trustee with obligations but no assets to fund them because the assets would likely need to be abandoned to secured creditors. Indeed, the debtor already filed a chapter 7 case in this

---

[32] *In re Neighbors*, No. 11-21003, 2015 Bankr. LEXIS 4308, at *28 (Bankr. D. Kan. Dec. 21, 2015) (citations omitted).

[33] *In re Dooley's Water & Energy Sols., Inc.*, No. 15-10811, 2016 Bankr. LEXIS 1852, at *5 (Bankr. D. Kan. April 27, 2016) (citing *In re Neighbors*, No. 11-21003, 2015 Bankr. LEXIS 4308, at *28.

district that was dismissed. The Court should find dismissal to be the most suitable choice.

## Conclusion

Cause for dismissal or conversion exists as OYO Fitness has ceased operations and has nothing to liquidate for priority or unsecured creditors—even administrative expenses can't be paid unless secured creditors sleep on their rights. In addition, it is underinsured. Cause exists, and the Court should dismiss the case.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: s/Richard A. Kear
Richard A. Kear, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
202-573-6945 (phone)
Richard.Kear@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 26, 2024, a true and correct copy of this **Motion to Dismiss or Convert** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: s/Richard A. Kear